UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL SETZER ) <br>    Plaintiff ) <br>    vs. ) <br> SIMM ASSOCIATES, INC ) <br> ) <br> RESURGENT CAPITAL SERVICES, ) <br> LP AND ) <br> ) <br> NATIONAL ENTERPRISE SYSTEMS, ) <br> INC. (NES) ) <br>    Defendants' ) | Case Number <br><br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Russell Setzer, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Russell Setzer, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Russell Setzer ("Plaintiff") is an adult natural person residing at 1800 Sante Fe Trail, Iron Station NC 28080. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Simm Associates, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Virginia and the Commonwealth of Pennsylvania with their primary place of business located at 800 Pencader Drive, Newark, DE 19702 and a registered office located at 116 Pine Street, Ste. 320, Harrisburg, PA 17101

6. Defendant, Resurgent Capital Services, LP ("Defendant"), at all times relevant hereto, is and was a Limited Partnership engaged in the business of collecting debt within the State of North Carolina and the Commonwealth of Pennsylvania with its principal place of business located at 15 S. Main Street, Ste. 600, Greenville, SC 29601 and a registered office located at 600 North Second Street, Harrisburg, PA 17101.

7. Defendant, National Enterprise Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of North Carolina and the Commonwealth of Pennsylvania with a registered office located at 116 Pine St., Suite 320 Harrisburg, PA 17101 and a principal place of business located at 29125 Solon Rd., Solon, OH 44139

8. Defendants' are engaged in the collection of debts from consumers using the mail and telephone. Defendants' regularly attempt to collect consumer debts alleged to be due to another. Defendants' are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

9. On or around April 5, 2009, Plaintiff entered into a settlement agreement with Defendant, Simm Associates, Inc., account manager, "Kimberly Maxwell", for a debt allegedly owed on a Sam's Club account.

10. The original balance due was for $4,483.09.

11. Plaintiff agreed to pay Defendant, Simm Associates, Inc., $1,479.41 in three (3) monthly installments with the final payment to be made by July 12, 2009.

12. Defendant, Simm Associates, Inc., assured Plaintiff that in return for paying the balance that Defendant, Resurgent Capital Services, would report the account as settled and paid regardless of the past delinquent history.

13. Plaintiff set up pre-authorized debit deductions from his checking account to come out on the following days:

- 5/12/09 for $616.89

-6/12/09 for $431.26

-7/12/09 for $431.26

14. On or about May 5, 2009, Defendant, Simm Associates, Inc., confirmed this agreement with Plaintiff. **See Exhibit "A" (letter) attached hereto.**

15. Plaintiff paid the debt as agreed. **See Exhibit "B" (checks) attached hereto.**

16. In or around December, 2009, Plaintiff began receiving calls from Defendant National Enterprise Systems, Inc. collecting on the above referenced debt.

17. Plaintiff tried to explain to Defendant, National Enterprise Systems, Inc., that the debt has already been paid in full to Defendant, Simm & Associates, Inc.

18. Defendant, National Enterprise Systems, Inc., continues to call and try and collect insisting that the debt was not paid.

19. Defendant, Resurgent Capital Services clearly did not follow through as agreed upon and mark the above mentioned account paid and sold the account to Defendant, National Enterprise Systems, Inc.

20. Plaintiff has asked for verification of the debt from Defendant, National Enterprise Systems, Inc., but to date has not received anything from them.

21. Plaintiff sent confirmation to Defendant, National Enterprise Systems, Inc. to prove that the debt had been paid in full.

22. On or about April 20, 2010, Plaintiff received a call from Defendant's agent, "Danielle", of Resurgent Capital Services, stating that although they did receive the three (3) payments from the Plaintiff that their records still showed a balance due.

23. Plaintiff asked for proof of the balance due, but was told that they did not have to send him anything.

24. On or about April 21, 2010, Plaintiff received another call from Defendant, Resurgent Capital Services collecting on the Sam's Club Account.

25. As of May 3, 2010, Plaintiff is now receiving calls from Defendants' National Enterprise Systems, Inc. and Resurgent Capital Services collecting on the same debt.

26. Plaintiff is unsure if the agreement that he entered into with Defendant Simm & Associates, Inc., back in May, 2009 was legitimate.

27. The Defendants' acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

28. The Defendants' acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

29. The Defendants' knew or should have known that their actions violated the FDCPA. Additionally, Defendants' could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, Defendants' were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants' herein.

31. At all times pertinent hereto, the conduct of Defendants' as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendants' were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants', Resurgent Capital Services, LP and National Enterprise Systems, Inc. and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                          **Respectfully submitted,**
                                                          **WARREN & VULLINGS, LLP**

Date: June 3, 2010                    BY: /s/ Brent F. Vullings

                                                          Brent F. Vullings, Esquire
                                                          Warren & Vullings, LLP
                                                          1603 Rhawn Street
                                                          Philadelphia, PA 19111
                                                          215-745-9800   Fax 215-745-7880
                                                          Attorney for Plaintiff